Claimant originally sought damages to the barge in the sum of $5,119.70, but later testimony of Rubin Cioll, president of claimant corporation, revealed that replacement of two 8″ gate valves amounted to $790.00, and that it cost $50.00 to test two cargo headers. A stipulation signed by the parties states: "That, if liability is established, claimant's damages do not exceed the sum of $800.00."

There is no dispute on the question of respondent's negligent operation of the bridge in lowering it after giving notice that the boat could proceed downstream.

Claimant is hereby awarded the sum of $800.00.

(No. 5530—

STEVINSON AUTO AND ELECTRICAL SCHOOL, Claimant, *vs.* STATE OF ILLINOIS, Office of the Division of Vocational Rehabilitation, Respondent.

*Opinion filed November 11, 1969.*

STEVINSON AUTO AND ELECTRICAL SCHOOL, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

BOOKWALTER, J.

(No. 5532—

MARY M. WILSON AND WAYNE W. WILSON, d/b/a HAWTHORNE DRUG COMPANY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 11, 1969.*

STUART, NEAGLE AND WEST, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.